UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOUGLAS ADAMS and TRINA ADAMS, husband and wife,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LUANNE C. TUNMORE and JOHN DOE TUNMORE, wife and husband, and the CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,<br><br>　　　　　Defendant. | No. CV-05-270-FVS<br><br>ORDER DENYING MOTION TO REMAND TO STATE COURT |

**BEFORE THE COURT** is the Plaintiffs' Motion to Remand to State Court, Ct. Rec. 8. The Court held a telephonic hearing on November 3, 2005. Plaintiffs were represented by Thomas Janisch. Defendants were represented by Everett Coulter, Jr. This Order is intended to memorialize and supplement the Court's oral ruling.

**I.  BACKGROUND**

This case involves an action for damages stemming from a motor vehicle accident on August 8, 2002, between Plaintiff Trina Adams and Defendant Luanne Tunmore. The accident occurred on a Washington State highway. At the time of the accident, Defendant Tunmore was allegedly operating a vehicle in the course and scope of her employment with the Paschal Sherman Indian School (hereinafter "PSIS"). The vehicle was registered to the Colville Confederated

ORDER DENYING MOTION TO REMAND TO STATE COURT - 1

1   Tribes of the Colville Reservation (hereinafter the "Tribe").  PSIS
2   is operated by the Tribe pursuant to a grant from the United States
3   Department of Interior, Bureau of Indian Affairs, which is commonly
4   referred to as a Public Law 100-297 Tribally Controlled School Grant.
5   Plaintiffs' Complaint alleges negligence on the part of Defendant
6   Tunmore and vicarious liability against the Tribe.

7   Plaintiffs originally filed this suit on August 5, 2005, in
8   Okanogan County Superior Court.  Defendants filed a petition for
9   removal to federal court on September 6, 2005, under 28 U.S.C. §§
10  1441 and 1442, asserting this Court has original jurisdiction over
11  this action under 28 U.S.C. § 1346(b).  Plaintiffs now move to remand
12  this case back to state court pursuant to RCW 37.12.010(8), which
13  allows the State of Washington to exercise jurisdiction over an
14  action for damages for negligence arising from a vehicle accident on
15  a State highway.

**II.  DISCUSSION**

17  Because Defendants removed this case to federal court, they bear
18  the burden of proving removal was appropriate and that this Court has
19  jurisdiction.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.
20  1992).  Defendants contend removal was appropriate because Congress
21  has provided that a tort action committed in fulfillment of a
22  Tribally Controlled School Act grant between the United States and a
23  Native American Tribe invokes coverage under the Federal Tort Claims
24  Act.  Thus, Defendants contend removal was proper because there is
25  federal question jurisdiction.

26  Public Law No. 101-512, Title III, § 314 (1990) provides, in

ORDER DENYING MOTION TO REMAND TO STATE COURT - 2

relevant part:

> With respect to claims resulting from the performance of functions ... under a contract, grant agreement, or ... by Tribally Controlled School Grants of the Hawkins-Stafford Elementary and Secondary School Improvement Amendments of 1988, ... an Indian tribe, tribal organization or Indian contractor is deemed hereafter to be part of the Bureau of Indian Affairs in the Department of the Interior ... while carrying out any such contract or agreement and its employees are deemed employees of the Bureau or Service while acting within the scope of their employment ... any civil action or proceeding involving such claims brought hereafter against any tribe, tribal organization, Indian contractor or tribal employee covered by this provision shall be deemed to be an action against the United States and will be defended by the Attorney General and be afforded the full protection and coverage of the Federal Tort Claims Act[.]

25 U.S.C. § 450f Note.  In other words, if at the time of the collision, Defendant Tunmore was acting within the course and scope of her employment pursuant to a Tribally Controlled School Grant, the torts or negligent acts of her and the Tribe are deemed acts of the United States and are subject to the Federal Tort Claims Act.  *See e.g., Comes Flying v. United States Bureau of Indian Affairs*, 830 F.Supp. 529, 529-30 (D. S.D. 1993); *Waters v. United States*, 812 F.Supp. 166, 168 (N.D. Cal. 1993).  Thus, the Court would have original jurisdiction and removal would be proper under 28 U.S.C. §§ 1441(b) and 1442.  Therefore, the controlling question is whether Defendant Tunmore was acting in the course and scope of her employment with PSIS and was serving under a Tribally Controlled School Grant.

Here, the PSIS is operated by the Tribe pursuant to a Tribally Controlled School Grant, Public Law 100-297, with the United States Department of Interior, Bureau of Indian Affairs.  This grant has

been commonly referred to as the "Augustus F. Hawkins-Robert T. Stafford Elementary and Secondary School Improvement Amendments of 1988" and codified in part under 20 U.S.C. § 2701. Plaintiffs concede that Ms. Tunmore was acting in the course and scope of her employment with the PSIS at the time of the collision. Therefore, the Court determines the collision is subject to the Federal Tort Claims Act, over which the Court has original jurisdiction. Thus, removal was proper and the motion for remand is denied. Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiffs' Motion to Remand to State Court, **Ct. Rec. 8,** is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 7th day of November, 2005.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge

ORDER DENYING MOTION TO REMAND TO STATE COURT - 4