UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOUGLAS ADAMS and TRINA ADAMS, husband and wife,<br><br>        Plaintiffs,<br><br>        v.<br><br>LUANNE C. TUNMORE and JOHN DOE TUNMORE, wife and husband, and the CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,<br><br>        Defendants. | No. CV-05-270-FVS<br><br>ORDER GRANTING MOTION FOR CERTIFICATION |

**THIS MATTER** comes before the Court for consideration of Defendants' motion for certification. Plaintiffs are represented by Thomas Janisch. Defendants are represented by Everett Coulter, Jr. The United States is represented by Pamela DeRusha.

**I.  BACKGROUND**

This action involves a claim for damages stemming from a motor vehicle accident between Plaintiff Trina Adams and Defendant Luanne Tunmore on August 8, 2002. The accident occurred on a state highway in Omak, Washington. At the time of the accident, Ms. Tunmore was employed as a Jesuit Volunteer at the Pascal Sherman Indian School ("PSIS"), which is operated by the Confederated Tribes of the Colville Reservation (hereinafter "Colville Tribe") pursuant to a grant from the United States Department of Interior, Bureau of Indian Affairs ("BIA") under the authority of Public Law 100-297, known as

ORDER GRANTING MOTION FOR CERTIFICATION - 1

the Tribally Controlled School Act of 1988 ("TCSA"), codified at 25 U.S.C. §§ 2501-2511.  PSIS also receives funding from (1) the Omak School District, via the state of Washington; (2) grants from both the state of Washington and the BIA; (3) the Colville Tribe; and (4) private fund-raising.

At the time of the vehicle accident, Ms. Tunmore was driving a car owned by the Colville Tribe on her way "to Omak to finish up preparations for leaving the Colville Reservation."  The vehicle was assigned to PSIS for school use and Ms. Tunmore was authorized by PSIS to drive the vehicle.  For her work at PSIS, Ms. Tunmore received a monthly stipend of approximately $78.00.  Her duties at PSIS included "assisting students with reading, art, and poetry" and working with "PSIS' soccer program."

**II.   PROCEDURAL HISTORY**

Plaintiffs originally filed this action in Okanogan County Superior Court, asserting claims for negligence against Ms. Tunmore and vicarious liability against the Colville Tribe.  Defendants removed the action to federal court pursuant to 28 U.S.C. § 1442.  Plaintiffs sought a remand under RCW 37.12.010(8), which allows the State of Washington to exercise jurisdiction over a negligence action for damages arising from a vehicle accident on a state highway.  The Court denied the motion to remand on the basis that if, at the time of the incident, Ms. Tunmore was acting within the course and scope of her employment pursuant to a TCSA Grant, she would be considered a federal employee for purposes of the Federal Tort Claims Act ("FTCA") and the Court would have original jurisdiction over this action.

ORDER GRANTING MOTION FOR CERTIFICATION - 2

When the Court denied Plaintiffs' motion to remand, Plaintiffs submitted an administrative claim with the Department of Interior pursuant to 28 U.S.C. § 2675. Ms. Tunmore submitted a separate request with the Department of Interior for certification that she was acting within the scope of her employment at the time of the accident. Before the Department of Interior responded to the administrative claim and the request for certification, Defendants filed a motion for summary judgment with this Court, requesting (1) dismissal of all claims against the Ms. Tunmore and the Colville Tribe and substitution of the United States as the proper party defendant; or (2) certification pursuant to 28 U.S.C. § 2679(d)(3) that Ms. Tunmore was an employee of the PSIS and was acting within the scope of her employment at the time of the incident. The Court granted the United States' request for a continuance pending an official response from the Department of Interior as to Ms. Tunmore's request for certification.

The United States denied certification to Ms. Tunmore that she was acting as a federal employee within the scope of her employment with PSIS under a TCSA Grant, thereby denying Defendants coverage under the FTCA. In response, the Court entered an order explaining that the Court would construe Defendants' pending motion for summary judgment and motion for substitution as a petition for certification pursuant to 28 U.S.C. § 2679(d)(3).

**III. STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2679(d)(3), the Court has jurisdiction to review the United States' denial of certification. The denial of

ORDER GRANTING MOTION FOR CERTIFICATION - 3

certification is subject to *de novo* review in both the district court and on appeal. *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993). The party seeking review of the denial of certification bears the burden of presenting evidence and disproving the decision by a preponderance of the evidence. *Id.*

**II. DISCUSSION**

If certification is given in a civil action, the Federal Employees Liability Reform and Tort Compensation Act of 1988, which amended the FTCA, requires substitution of the United States as defendant, in lieu of the federal employee defendant, which leaves the plaintiff with a single avenue of recovery, the FTCA. *Green*, 8 F.3d at 698 (citing 28 U.S.C. §§ 1346, 2671 *et seq.*, 28 U.S.C. § 2679(d)(4)). The FTCA grants exclusive jurisdiction to district courts for a claim against the United States for torts committed by federal employees while acting within the scope of employment. 38 U.S.C. § 1346(b)(1); *Williams v. United States*, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955). To determine whether Ms. Tunmore is covered under the FTCA, the Court must address first whether Ms. Tunmore is deemed a federal employee for purposes of the FTCA, and second whether she was acting within the scope of her employment at the time of the incident. *See United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976) (stating the FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment"); 28 U.S.C. §§ 1346(b) and 2674.

ORDER GRANTING MOTION FOR CERTIFICATION - 4

### A.  Federal Employee

Congress extended the United States' liability under the FTCA by way of Public Law 101-512, which imposes liability upon the United States for the acts of tribal organizations and their employees administering a TCSA Grant. *See Mentz v. United States*, 359 F.Supp.2d 856 (D.N.D. 2005); *Big Owl v. United States*, 961 F.Supp. 1304, 1307 (D.S.D. 1997)). Public Law No. 101-512 provides, in relevant part:

> **With respect to claims resulting from the performance of functions ... under a** contract, grant agreement, or cooperative agreement authorized by the ... **Tribally Controlled School Grant** of the Hawkins-Stafford Elementary and Secondary School Improvement Amendments of 1988, ... **an Indian tribe, tribal organization or Indian contractor is deemed hereafter to be part of the Bureau of Indian Affairs** in the Department of the Interior ... **while carrying out any such contract or agreement and its employees are deemed employees of the Bureau or Service while acting within the scope of their employment** ... any civil action or proceeding involving such claims brought hereafter against any tribe, tribal organization, Indian contractor or tribal employee covered by this provision shall be deemed to be an action against the United States and will be defended by the Attorney General and be afforded the full protection and coverage of the Federal Tort Claims Act[.]

Public Law No. 101-512, Title II, § 314, Nov. 5, 1990 (codified at 25 U.S.C. § 450f Note, Historical and Statutory Notes) (emphasis added). Under Public Law 101-512, employees of a school operated under a TCSA Grant are considered employees of the BIA and can be sued under the FTCA. Therefore, if, at the time of the incident, Ms. Tunmore was an employee of the PSIS performing functions under the TCSA Grant, Ms. Tunmore is considered a federal employee for purposes of the FTCA.

The United States argues Ms. Tunmore should not be considered a federal employee because her stipend was not paid by specific money

received under the TCSA Grant.  For her work at PSIS, Ms. Tunmore received a monthly stipend of approximately $78.00 from PSIS. Although Ms. Tunmore was employed to work for the PSIS, her salary was paid from the Colville Tribe's "General Fund" because the PSIS maintains separate funding for teachers who come from religious organizations to volunteer and work at PSIS.  The United States argues this shows Ms. Tunmore was not hired pursuant to the TCSA Grant and, consequently, she was not performing functions under the Grant at the time of the incident.

Nothing in Section 314 of Public Law 101-512 addresses the issue of a stipend paid by a tribe that is operating a school under a TCSA Grant.  Rather, Section 314 addresses the "performance of functions" under the Grant.  According to the TCSA Grant between the BIA and the Colville Tribe, the purpose of the Grant is to allow the Colville Tribe and the PSIS to "defray expenditures, for education related activities[.]"  (Ct. Rec. 13, at 7).  "Such expenditures include, but are not limited to: School Operations, Academic, Educational, Residential, Guidance and Counseling, and Administrative Purposes, and Support Services for the schools, including Transportation[.]" *Id.* at 8.  Specifically, the declaration of Michael Smith, submitted by the United States, shows that the TCSA Grant at issue here provided $1,045,100 to be used for the education of Indian children. Thus, one of the functions of the Grant is the education of children at PSIS.  Ms. Tunmore was hired to educate the children at PSIS. Specifically, her duties at PSIS included "assisting students with reading, art, and poetry" and working with "PSIS' soccer program."

Pursuant to Public Law 101-512, the Colville Tribe is deemed part of the BIA while carrying out the TCSA Grant. Ms. Tunmore is deemed an employee of the BIA because she was employed to educate children at the PSIS, which is operated by the Colville Tribe pursuant to a TCSA Grant. *See e.g., Mentz*, 359 F.Supp.2d at 859-60 (finding employees of school operating under TCSA Grant to be employees of the BIA and can be sued under FTCA); *Big Owl v. United States*, 961 F.Supp. 1304, (D.S.D. 1997) (finding school board members of a school operated pursuant to a TCSA grant to be employees of the BIA and can be sued under FTCA). The source of Ms. Tunmore's stipend is legally immaterial to whether Ms. Tunmore was performing functions under a TCSA Grant. *See e.g., Big Crow v. Rattling Leaf*, 296 F.Supp.2d 1067, 1070 (D.S.D. 2004). For purposes of the FTCA, the Court determines Ms. Tunmore is considered a federal employee because at the time of the incident she was an employee of the PSIS performing functions under the TCSA Grant. The remaining issue is whether Ms. Tunmore was acting within the scope of her federal employment at the time of the incident.

### B. *Scope of Employment*

The scope of employment is determined by the law of the state where the tort occurred. *Green*, 8 F.3d at 698. In this case, Washington law controls the scope of employment issue because the accident occurred on a Washington state highway. The test in Washington for determining whether an employee was acting within the course and scope of employment at a certain time is "whether the employee was, at the time, engaged in the performance of the duties

required of him by his contract of employment; or by specific direction of his employer; or, as sometimes stated, whether he was engaged at the time in the furtherance of the employer's interest." *Thompson v. Everett Clinic*, 71 Wash. App. 548, 552, 860 P.2d 1054, 1057 (Div. 1, 1993) (citing *Dickinson v. Edwards*, 105 Wash.2d 457, 467, 716 P.2d 814 (1986)). The emphasis is on the benefit to the employer rather than on the control or involvement of the employer. *Dickinson*, 105 Wash.2d at 467, 716 P.2d at 819. Under ordinary circumstances, an employee is not acting in the course of employment while going to or from the employer's place of business. *Westinghouse Elec. Corp. v. Dep't of Labor and Indus.*, 94 Wash.2d 875, 621 P.2d 147 (1980) (citations omitted). The exception to the general "coming and going" rule is that an employee is in the course and scope of employment while going to or from work in a vehicle furnished by the employer as an incident to employment pursuant to custom or contractual obligation, either express or implied. *Id.* (citation omitted).

    Here, the record reveals Ms. Tunmore was furnished a vehicle by PSIS. At the time of the incident, Ms. Tunmore was authorized by the Superintendent of PSIS to be driving the vehicle. Specifically, Ms. Tunmore was driving the vehicle on her way "to Omak to finish up preparations for leaving the Colville Reservation." The Court concludes this situation falls within the exception to general "coming and going" rule in Washington. Ms. Tunmore was clearly acting within the course and scope of her employment when she was involved in the motor vehicle accident on August 8, 2002.

ORDER GRANTING MOTION FOR CERTIFICATION - 8

**CONCLUSION**

Pursuant to 28 U.S.C. § 2679(d), the Court certifies that Defendant Luanne Tunmore was acting in the course and scope of her federal employment at the time of the vehicle accident on August 8, 2002. Defendants' petition for certification is granted and the United States is substituted as the party defendant. Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendants' Motion for Certification (**Ct. Rec. 26**) is **GRANTED**.

2. The **United States** is **substituted** for Luanne Tunmore, John Doe Tunmore, and the Confederated Tribes of the Colville Reservation **as the proper party defendant** in this action.

3. Defendants' Motion for Summary Judgment (**Ct. Rec. 26**) and Motion to Substitute Party (**Ct. Rec. 26**) are **MOOT** in light of the Court's prior Order explaining that Defendants' Motion for Summary Judgment and Motion for Substitution would be treated as a petition for certification to this Court. (Ct. Rec. 49).
**RESOLVED** and should be terminated from the pending motion calendar.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 8th day of September, 2006.

> _s/Fred Van Sickle_
> Fred Van Sickle
> United States District Judge

ORDER GRANTING MOTION FOR CERTIFICATION - 9